IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DERRICK B. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 310-063 |
| | ) | |
| TOM GRAMIAK, Warden, Montgomery | ) | |
| State Prison, SERGEANT JERRY | ) | |
| POWELL, Correctional Officer, | ) | |
| Montgomery State Prison, JODY EDGE, | ) | |
| Correctional Officer, Montgomery State | ) | |
| Prison, and WILLIAM SIKES, Correctional | ) | |
| Officer, Montgomery State Prison,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Montgomery State Prison ("MSP") in Mount Vernon, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 3), that Plaintiff's motion to amend be determined to be **MOOT** (doc. no. 2),[2] and that this action be **DISMISSED** without prejudice.

---

[1] As Plaintiff provided the first name of all Defendants in his motion to amend (doc. no. 2), the **CLERK** is **DIRECTED** to update the docket accordingly.

[2] Fed. R. Civ. P. 15(a)(1)(A) provides that "[a] party may amend its pleading as a matter of course with 21 days after serving it." Plaintiff filed his motion to amend on the same day as his complaint. (Doc. nos. 1, 2.) Thus, he is entitled to amend as a matter of course, and his motion to amend should be determined to be **MOOT**.

# I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

# II. DISCUSSION

## A. Prior Filing History

As set forth in this Court's Report and Recommendation entered in Jackson v. Brown, CV 309-095, doc. no. 3 (S.D. Ga. Dec. 10, 2009) (*hereinafter* "CV 309-095"), a review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may

---

[3]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2

be granted: (1) Jackson v. United States of America, Civil Case No. 507-287, doc. no. 7 (M.D. Ga. Aug. 20, 2007) (dismissed as frivolous); (2) Jackson v. Mizzola, Civil Case No. 507-156, doc. no. 10 (M.D. Ga. July 30, 2007) (dismissed as frivolous); and (3) Jackson v. Francisco, Civil Case No. 599-063, doc. no. 9 (M.D. Ga. June 11, 1999) (dismissed as frivolous).[4] Indeed, Plaintiff candidly acknowledges his status as a "three striker" under the PLRA. (Doc. no. 1, Mem., p. 4.)

As Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

## B. No Allegation of "Imminent Danger"

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's original complaint bears a signature date of June 12, 2010, and the memorandum in support that is attached to the complaint bears a signature date of June 15, 2010. The motion to amend bears a signature date of June 27, 2010, and references a complaint submitted to the Court on June 21, 2010. (Doc. no. 2.) All of Plaintiff's pleadings arrived at the Court on July 16, 2010, in an envelope bearing a post-mark date of July 15, 2010.

---

[4] The prior Report and Recommendation also collected several other cases that had been dismissed under the three strikes provision. CV 309-095, doc. no. 3, pp. 2-3 n.3.

3

Plaintiff states in his original complaint that his issues started with Defendants in January of 2010, when he filed a petition for a writ of mandamus in the Superior Court of Montgomery County. (Doc. no. 1, p. 5.) According to Plaintiff, this filing led Defendant Gramiak, the Warden at MSP, to order an unnamed correctional officer to seize Plaintiff's legal materials. (Id.) As the mandamus proceedings progressed, Plaintiff claims that Defendant Gramiak issued Plaintiff two disciplinary reports in April, 2010. (Id.) This led to another lawsuit filed by Plaintiff, which he claims resulted in the issuance of additional disciplinary reports. (Id.) Plaintiff also claims that Defendant Gramiak ordered Defendants Powell and Edge, correctional officers at MSP, to withhold Plaintiff's breakfast tray on June 10, 2010. (Id.) Plaintiff also contends that he has lost 28 pounds since his placement in administrative segregation "due to the inadequacies of the diets."[5] (Id. at 5; Mem., p. 3.) Interestingly, Plaintiff also claims, in his original complaint bearing a signature date of June 12, 2010, that on June 23, 2010, while handcuffed, he was physically assaulted by Defendant Sikes, another correctional officer at MSP, causing Plaintiff to chip his tooth and to have pain in his left shoulder. (Doc. no. 1, p. 5.) This June 23rd incident is also recounted in Plaintiff's motion to amend, which bears a signature date of June 27, 2010. (Doc. no. 2, p. 2.)

The Court looks to Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004), for guidance on the issue of what constitutes "imminent danger of serious physical injury." In Brown, the Eleventh Circuit relied on several cases already decided in the Third, Seventh, and Eighth Circuits to decide whether a prisoner was "under imminent danger of serious physical

---

[5]Plaintiff does not state when he was placed in administrative segregation.

4

injury." Brown, 387 F.3d at 1349-50. For example, the Eleventh Circuit cited with approval an Eighth Circuit case holding that a plaintiff's conclusory assertions that defendants were trying to kill him by forcing him to work extreme conditions on two occasions (months apart), despite his blood pressure condition, were too general to invoke the exception to § 1915(g), "absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. (citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). Furthermore, in Brown, the plaintiff alleged a total withdrawal of treatment for serious diseases, as a result of which he suffered from severe ongoing complications; thus, the Eleventh Circuit concluded that, viewed together, the afflictions of which the plaintiff complained (including his HIV and hepatitis), and the alleged danger of more serious afflictions if he was not treated, constituted imminent danger of serious physical injury. Id. at 1350.

Here, none of Plaintiff's chronologically-confused allegations describe any severe ongoing afflictions, let alone afflictions rising to the level of those asserted in Brown, at the time he filed his complaint. First, the allegations concerning seizure of legal property and the issuance of disciplinary reports do not involve any danger of physical injury and therefore do not meet the exception of § 1915(g). Nor does the withholding of one breakfast tray on June 10 or a general allegation of loss of weight "due to the inadequacies of the diets" in administrative segregation - diets that Plaintiff has not even alleged that any Defendant is responsible for determining or preparing - show a severe, on-going problem. Moreover, Plaintiff does not state when he was placed in administrative segregation (thereby giving

5

some indication of the length of time over which his weight dropped) or how this weight loss has adversely impacted his health.[6]

Although the allegation of an assault on Plaintiff while he was handcuffed is troubling, this altercation allegedly happened on June 23, and, depending on which dates are to be believed, occurred either after the original complaint was prepared on June 12 (or 21st) but before it was submitted sometime in mid-July. Moreover, Plaintiff's alleged injuries were pain in his shoulder and a chipped tooth. Neither of these injuries are the type of serious medical afflictions considered in Brown, and there is no allegation that Plaintiff was not provided medical care for this one-time event. Therefore, Plaintiff has failed to demonstrate that he should be excused from paying the full filing fee under the "imminent danger of serious physical injury" exception of § 1915(g).[7]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 3), that Plaintiff's motion to amend be determined to be **MOOT** (doc. no. 2), and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this action, he must submit

---

[6]At best, Plaintiff alleges that his weight loss "could" lead to physical injury. (Doc. no. 1, p. 5.)

[7]The Court also notes that Plaintiff acknowledges he has a lawsuit currently pending in state court dealing with the same facts as this case. (Doc. no. 1, p. 1.)

6

a new complaint, along with the full filling fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 23rd day of August, 2010, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE